UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gregory Lynch,<br><br>           Plaintiff,<br><br>  - against -<br><br>New York State Urban Development Corporation d/b/a Empire State Development, Harlem Community Development Corporation, and Victoria A. Gordon,<br><br>           Defendants. | 16 Civ.  ( )( )<br><br>Complaint and Jury Demand |

Plaintiffs, by his attorney, Michael G. O'Neill, complain against defendants as follows:

1.      This is an action alleging retaliation by defendants in violation of 42 U.S.C. §2000e, 42 U.S.C. §1981, 42 U.S.C. §1983, related state and local laws, and the Constitutions of the United States of America and the State of New York.

2.      Jurisdiction over this action is by virtue of 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. §1367, 42 U.S.C. §1981, 42 U.S.C. §1983 and 42 U.S.C. §2000e.

3.      Venue is proper under 28 U.S.C. §1391 in that one or more of defendants resides in the Eastern District of New York.

4.      Plaintiff Gregory Lynch ("Lynch") is an individual and resides in New York State. Lynch is American born and is African American.

5.      Defendant New York State Urban Development Corporation d/b/a Empire State Development ("ESD") is a public benefit corporation organized under the laws of the State of New York.

6.      Defendant Harlem Community Development Corporation ("HCDC") is a subsidiary of ESD.

7. Defendant Victoria A. Gordon ("Gordon") is and has been, at all relevant times, the Director of Weatherization of HCDC.

8. Gordon is sued herein in both her individual and official capacity.

9. Lynch was hired by defendants ESD and HCDC in September, 2010 to work in HCDC's Weatherization Department (the "Department") as its Senior Inspector.

10. At all times, plaintiff was qualified for his position within the Department.

11. At all times, the attendance, behavior and work performance of plaintiff in the Department met or exceeded the reasonable and objective performance expectations of defendant ESD and HCDC.

12. Gordon is of West Indian descent.

13. Employees of West Indian Descent or who had connections to persons of West Indian descent were favored by Gordon. Plaintiff and other employees who were not of West Indian descent were disfavored and were subjected to inferior and disparate terms and conditions of employment. Among other things, Gordon isolated them, subjected them to unfair and unmerited criticism, subjected them to hyper-supervision, and micromanaged their work.

14. In early 2015, an attorney employed by or acting on behalf of ESD interviewed plaintiff in connection with a discrimination lawsuit that had been filed against defendants by several former employees.

15. The lawsuit accused Gordon of discrimination against non-West Indians.

16. The purpose of the interview was to determine whether there was any merit to the allegations of the former employees against Gordon.

17. In the interview, plaintiff confirmed that the allegations of the former employees were true and recounted for the attorney numerous acts of discrimination that he had witnessed Gordon commit.

18. The attorney informed plaintiff that he was required to file an internal complaint of discrimination against Gordon.

19. Thereafter, plaintiff filed an internal complaint of discrimination against Gordon.

20. Shortly after that, Gordon lodged an internal complaint against plaintiff, accusing him of discriminating against her on the basis of sex, race and national origin.

21. Although plaintiff did not engage in any manner of discriminatory conduct whatsoever, the notion that an employee could discriminate against his employer is patently absurd on its face. By definition, an employee cannot subject an employer to an adverse employment event.

22. On December 14, 2015, plaintiff received a memo from ESD stating that his complaint of discrimination against Gordon had been found to be unsubstantiated, although the same memo stated in effect that Gordon had engaged in the discriminatory conduct that plaintiff reported. According to that memo, defendant was going to "counsel" Gordon not to engage in that conduct any further.

23. On the same date, plaintiff received a second memo from ESD which stated that Gordon's complaint against him was also unsubstantiated. Nevertheless, ESD determined that plaintiff had made "misogynistic slurs" and discussed "sexual activity" in the workplace.

24. As a result of ESD's "findings," plaintiff was threatened with termination

3

and placed on probation for six months.

25. In addition, ESD communicated with plaintiff's new supervisor to ascertain whether plaintiff was complying with the terms of his probation.

26. As a result, plaintiff's new supervisor has been privy to the outlandish and false accusations against plaintiff.

27. Gordon's complaint against plaintiff was false and was in retaliation for plaintiff corroborating the claims of discrimination filed by his former co-workers. ESD's "findings" were either completely fabricated by it, or Gordon put up the individuals under her supervision (with whom she has a very close relationship) to give false evidence against plaintiff.

28. The actions of Gordon complained of herein were under color of state law.

29. Plaintiff timely filed a charge of retaliation with the United States Equal Employment Opportunity Commission ("EEOC").

30. On July 27, 2016, the EEOC issued a right to sue letter, which was received by plaintiff sometime thereafter.

31. The within action has been filed within 90 days of receipt of the right to sue letter.

## First Claim

32. Defendants ESD and HCDC unlawfully discrminated and retaliated against plaintiff in violation of 42 U.S.C. §2000e.

## Second Claim

33. All defendants unlawfully discriminated and retaliated against plaintiff, in violation of 42 U.S.C. §1983.

## Third Claim

34. All defendants unlawfully discriminated and retaliated against plaintiff, in violation of 42 U.S.C. §1981.

## Fourth Claim

35. All defendants unlawfully discriminated and retaliated against plaintiff, in violation of Section 295 et seq. of the Executive Law of the State of New York.

## Fifth Claim

36. All defendants unlawfully discriminated and retaliated against plaintiff, in violation of the New York City Human Rights Law.

WHEREFORE, plaintiff demands judgment for all relief permitted by law, including but not limited to awarding plaintiff a money judgment for his damages, awarding plaintiff punitive damages against Gordon, requiring Gordon, in her official capacity, to clear plaintiff's record from any wrongdoing, awarding plaintiff prejudgment interest and costs, awarding plaintiff a statutory attorneys' fee and granting such further and additional relief as the Court deems just and appropriate under the circumstances.

Dated: New York, New York
      October 25, 2016

MICHAEL G. O'NEILL
(MO3957)

_____
By: Benjamin L. Federici, Esq.
Attorneys for Plaintiffs
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-099

## Jury Demand

Plaintiff demands trial by jury on all issues.

Dated: New York, New York  
      October 25, 2016

MICHAEL G. O'NEILL  
(MO3957)

_____  
By: Benjamin L. Federici, Esq.  
Attorneys for Plaintiffs  
30 Vesey Street, Third Floor  
New York, New York 10007  
(212) 581-0990